UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Martin O'MALLEY,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:21-cv-00802-AGS<br><br>**ORDER GRANTING MOTION FOR 42 U.S.C. § 1383(d)(2)(B) FEES (ECF 16)** |

　　　　Plaintiff's counsel moves for attorney's fees under 42 U.S.C § 1383(d)(2)(B). Counsel requests $11,100.00, offset by an order "to credit [plaintiff] for EAJA fees previously paid in the amount of $1,100." (ECF 16, at 1.) This request represents approximately 20% of plaintiff's past due benefits, which total $55,993.12. (ECF 16-3, at 3.) Plaintiff has not objected. (*See* ECF 18, at 3.) The government does not oppose. (*See* ECF 18, at 2.)

　　　　"The legal standard for analyzing an attorney fee claim under § 1382(d)(2) is the same as the legal standard for analyzing a similar request under 42 U.S.C. § 406(b)." *Roland S. v. Kijakazi*, No. 3:20-CV-01068-AHG, 2023 WL 6966153, at *1 (S.D. Cal. Oct. 20, 2023); *see* 42 U.S.C. § 1383(d)(2)(A) ("The provisions of section 406 . . . shall apply to this part to the same extent as they apply in the case of subchapter II of this chapter."). This order therefore "generally refers to § 406(b), rather than § 1383(d)(2), and relies on the case law and standards applicable to § 406(b) motions." *Barrera Aguilar v. Saul*, No. CV 16-7565 SS, 2019 WL 6175021, at *1 n.2 (C.D. Cal. Sept. 16, 2019).

　　　　"Whenever a court renders a judgment favorable to a claimant," "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b). In evaluating an attorney-fee request, courts "must respect the primacy of lawful attorney-client fee arrangements," "looking first to the contingent-fee agreement, then testing for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (citation

omitted). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Factors the court may consider in evaluating the reasonableness of the attorney-fee award are: "(1) the character of the representation; (2) the results achieved; (3) whether the attorney engaged in dilatory conduct; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases." *Avina v. Saul*, No. 18-CV-1728-W-MSB, 2021 WL 2662309, at *1 (S.D. Cal. June 29, 2021).

Plaintiff assented in his contingency agreement to a fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF 16-1, at 1.) This bargained-for percentage is presumptively valid. *See Gisbrecht*, 535 U.S. at 807–08. Counsel invested his resources on contingency and achieved remand for his client. (*See* ECF 11; ECF 12.) On remand, plaintiff secured a favorable decision and was granted past-due disability benefits of $55,993.12. (ECF 16-3, at 3.) There is no evidence of dilatory conduct or undue delay. Indeed, counsel expended only 6.64 hours to achieve these results, which is eminently reasonable. (*See* ECF 16, at 3); *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (finding "33.75 hours spent by plaintiff's counsel" to fall "within the approved range" for fees after surveying "several dozen cases in which attorney's fees were awarded in social security cases").

Counsel appears to have been so efficient, in fact, that the effective hourly rate was boosted to a seemingly lofty $1,671.69. Yet given the success achieved, this figure is not unreasonable compared to, and does not grossly exceed, fees that courts have approved. *See, e.g.*, *Yolanda E. v. Comm'r Soc. Sec. Admin.*, No. 21-cv-8704-AGR, ECF 27, at 2 (C.D. Cal. Mar. 4, 2023) (allowing effective hourly rate of "approximately $2,000" on a total of $4,200); *Tinajero Cerda v. Berryhill*, No. 1:17-CV-00553-SKO, 2019 WL 2058653, at *3 (E.D. Cal. May 9, 2019) (approving an effective rate of $1,600.79 per hour);

*Bradley H. v. Comm'r Soc. Sec. Admin.*, No. 2:18-cv-03611-AFM, ECF 38 (C.D. Cal. June 22, 2020) (accepting an effective hourly rate of $1,709); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept, 20, 2016) (finding an effective hourly rate of $1,546.39 reasonable in 2016 for an attorney-fee award of $15,000); *Kazanjian v. Astrue*, 2011 WL 2847439, at * 2 (E.D.N.Y. July 15, 2011) (awarding $48,064 at an effective hourly rate of $2,433).

When a valid attorney-client fee arrangement exists, the fee statute is not meant to displace that agreement, but to act as a check on the reasonableness of fees. *See Gisbrecht*, 535 U.S. at 793. And in the time since *Gisbrecht*, "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly rates may exceed those for non[-]contingency-fee arrangements." *Hearn*, 262 F. Supp. 2d at 1037.

The Court sees no ground for penalizing plaintiff's counsel's efficiency. Counsel's unopposed request for fees under 42 U.S.C. § 1383(d)(2)(b) is **GRANTED**. Counsel is entitled to $11,100.00 out of plaintiff's past-due benefits. Counsel must reimburse plaintiff the $1,100.00 EAJA fees already paid. (*See* ECF 16, at 1); *see also Gisbrecht*, 535 U.S. at 796 (noting that, when section 406(b) fees are awarded, "the claimant's attorney must refund to the claimant the amount of the smaller [EAJA] fee").

Dated:  October 7, 2024

Andrew G. Schopler
United States District Judge